PEOPLE OF THE STATE OF NEW YORK ex rel. MORSE INTERNATIONAL AGENCY, Relator, *v.* JACOB A. CANTOR and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, New York Special Term, October, 1922.

**Taxes — certiorari to review assessment against corporation — organization buying and selling advertising space not a mercantile corporation within article 9-a of the Tax Law — Tax Law, §§ 12, 219-j.**

Upon certiorari to review and cancel an assessment made under section 12 of the Tax Law upon the capital stock and surplus of a corporation whose business is the buying and selling of advertising space in magazines and newspapers, etc., evidence that the relator did not sell the advertising space outright, but that it retained control over it at all times and charged its clients a certain amount which might include a profit on the advertising space already contracted for and at the same time a fair and reasonable fee for the services rendered to the client, is insufficient to establish that relator is a mercantile corporation within the meaning of article 9-a of the Tax Law.

A contention, therefore, that relator was subject to taxation by the state tax commission under chapter 726 of the Laws of 1917, as amended by chapter 417 of the Laws of 1918 (Art. 9-a of the Tax Law), and, therefore, exempt under section 219-j of said article 9-a from any local assessment on its personal property or on its capital stock and surplus under section 12 of the Tax Law, cannot prevail, and the writ will be dismissed and the assessment confirmed.

CERTIORARI to review an assessment.

*Johnston & Galston* (*Harry A. Yerkes, Jr.*, of counsel), for relator.

*John P. O'Brien*, corporation counsel (*Barrett Carmody* and *Charles Edward Salanne*, of counsel), for respondents.

MARTIN, J.   This is a certiorari proceeding instituted by the relator, a domestic corporation, having its principal office and place of business in the borough of Manhattan, city of New York, to review and cancel an assessment for taxation of $50,000 on its personal property (capital stock and surplus) made by the defendants under the provisions of section 12 of the Tax Law of the  state of New York for the year 1919.   Within the time allowed by the statute the relator filed an application for cancellation of the assessment, on the ground that it was a corporation subject to taxation by the state tax commission under the

provisions of chapter 726, Laws of 1917, as amended by chapter 417, Laws of 1918 (article 9a of the Tax Law) and was, therefore, exempt under section 219j of said article from any local assessment on its personal property, or on its capital stock and surplus, as provided for in section 12 of the Tax Law. After due consideration of the application the defendants concluded that the relator was not exempt from personal taxation and confirmed the assessment. The relator then instituted this proceeding, alleging in its petition for the writ that the assessment was illegal and specifying as the illegality that it is a mercantile corporation within the meaning of article 9a of the Tax Law, and by reason of its assessment thereunder is exempt from local taxation on its personal property. The defendants' return denied these allegations and the sole question presented for determination is whether the relator, on October 1, 1918, was a mercantile corporation within the provisions of article 9a of the Tax Law. The testimony shows that the relator was incorporated under the Business Corporations Law in 1901 under the name of Lyman D. Morse Advertising Agency, which was subsequently changed to the present one, namely, the Morse International Agency. It further appears that the relator's business as described in the testimony is the buying and selling of advertising space in magazines and newspapers; dealing in advertising novelties; the preparation of advertising copy and the preparation of drawings for cuts. In the brief submitted by both sides, great stress is laid upon the definition of the term "mercantile corporation." The word "mercantile" in its ordinary acceptation pertains to the business of merchants and has to do with trade, or the buying or selling of commodities. A merchant is one who trafficks, or who buys or sells goods or commodities. I am of the opinion that advertising space in various newspapers, magazines and other publications is such a commodity that it can be bought and sold, but the difficulty with the relator's position is that the record fails to disclose that the relator at any time sold outright the advertising space for which it contracted with the various publishers. An examination of the record discloses the fact that at no time did the relator part with its title to this advertising space. It appears to have reserved at all times its absolute control over the space and when it received a contract from its clients through which space could be used it merely transmitted to the publisher the advertisement and designated the space the advertisement was to fill. If the space was sought and sold outright then the relator has failed to show by the record that it sold it to its clients and that the client could then deal exclusively with the publisher. On the other hand, it appears that all dealings with the publisher were conducted and carried

on through the relator, for which the relator received from its client a certain commission. The record further shows that a witness for the relator, who is also an officer of the Morse International Agency, testified as follows: " Q. You charge the advertiser a certain rate, don't you? A. There are two different rates. Sometimes they pay a percentage on our cost or a flat rate of what we want to charge them. Q. I mean your clients? A. Yes. It all depends on what the contract with the client is. If the advertisement is $10 and we get a commission of 15 per cent, we tack it on, or if we make a flat rate that the advertising is to cost you $20 you pay the $20 regardless of what it costs us." It is quite apparent from this testimony that the relator did not buy and sell the advertising space outright, but retained control over it at all times and charged a certain amount to its clients, which might also include a profit on the advertising space already contracted for and at the same time a fair and reasonable fee for the services rendered to the client. Therefore, I am of the opinion that the relator has failed to show that it is a mercantile corporation within the provisions of article 9a of the Tax Law. The writ should be dismissed and the assessment confirmed. Submit findings.

Ordered accordingly.